ALBRECHT BECHMAN ET AL. v. BOARD OF PUBLIC
UTILITY COMMISSIONERS.

Decided February 27, 1924.

**Auto Bus—Operation Over Route on Licenses Granted Prior to March 15th, 1921—Operators Directed by Street Commission to Extend Route—No Consent of Utility Commission Obtained—Such Consent Held Necessary.**

On *certiorari*.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and KALISCH.

For the prosecutors, *George F. Seymour, Jr.*

For the board of public utility commissioners, *John W. Queen.*

PER CURIAM.

This writ brings up for review an order of the board of public utility commissioners, dated December 27th, 1923, directing the prosecutors to stop the operation of auto buses on Springfield avenue, Irvington, between the corner of Lyons and Springfield avenues in that town, and the corner of Forty-third street and Chancellor avenue therein, a distance of over half a mile.

The situation disclosed by the proofs is as follows: The prosecutors, with the consent of and under licenses granted by the municipal authorities of the city of Newark and those of the town of Irvington, acquired prior to March 15th, 1921, had been operating, from the time of the giving of these consents and the issuing of those licenses, up to the time of the making of the order complained of, a line of auto buses from the Hudson and Manhattan tube station, in Newark, to the corner of Lyons and Springfield avenues, in Irvington.  In the year 1922 the prosecutors were directed

by the street commissioner of Irvington, acting under the authority of the governing body, to extend their line from its original terminus, at Lyons and Springfield avenues, along Springfield avenue to the corner of Forty-third street and Chancellor avenue; and, in compliance with this instruction, the prosecutors thereafter ran their auto buses over the extended route.

The question presented for solution is whether or not the prosecutors are authorized to operate their auto buses over the extension of their route without first obtaining the authority of the board of of public utility commissioners to do so. By the act of 1911 (*Pamph. L.* 1911, *p.* 374) the public utility board is vested with general supervision and regulation of and jurisdiction and control over public utilities; but this jurisdiction did not then embrace the regulation of and control over the operation of jitney buses. In 1921, however, the original act creating the board was amended so as to include within its jurisdiction every individual, copartnership, association, corporation or joint stock company that should then or thereafter own, operate, manage or control within the State of New Jersey any "auto bus, commonly called jitney, the route of which, in whole or in part, parallels upon the same street the line of any street railway." This jurisdiction was limited, however, by a provision in the amendment that nothing contained in it should "extend the powers of the board of public utility commissioners to include any supervision and regulation of, or jurisdiction and control over, the operation of any auto bus, commonly called jitney, over its present route under and in accordance with the consent of the municipal authorities granted therefor prior to March 15th, 1921." *Pamph. L.* 1921, *p.* 390.

It is conceded by the prosecutors that both their original route and the extension thereof in the town of Irvington are located upon a street over which a street railway has been constructed and is now operated, and that such construction and operation long preceded the 15th of March, 1921. Nothwithstanding this fact, however, the prosecutors con-

tend that they are within the terms of the excluding provision, the argument being that the granting of the consent and the issuing of the license under which they were running their buses over the original route antedated the time limit fixed by the amendment, and that the extension of its route made no change in its identity, *i. e.*, that it is the same route over which they were running at the time of the enactment of the amendment. But this argument overlooks the fact that the provision does not exempt from the jurisdiction of the public utility commissioners the operation of auto buses over their then present routes without more. To be exempt from such jurisdiction the owners of a jitney bus line must not only operate it over the same route used by them at the time of the enactment of the amendment, but that operation must be carried on "under and in accordance with the consent of the municipal authorities granted therefor prior to March 15th, 1921." Assuming for the purpose of the decision that the extension of a route does not change its inherent characteristics (a proposition which, we think, is at least doubtful), the prosecutors do not come within the protection of the amendment unless they can show that they are running their buses over the extended route, under a consent of the municipal authorities granted prior to the date declared in the statute. Not only have they failed to show this, but the undisputed fact is to the contrary. The route over which they had municipal consent to run prior to March 15th, 1921, terminated at Lyons and Springfield avenues, and at that time they had no authority to operate beyond that point. This being so, the prosecutors could not lawfully operate their line of jitney buses beyond that terminus without first obtaining authority from the board of public utility commissioners to do so.

The order brought up by the writ will be affirmed.